Good morning, your honors. May it please the court, I'm attorney Nora Milner, and I represent the petitioners in this case, Mr. Alejandro Flores-Nava and his wife, Rosalba. There are two issues that I would like to present to the court this morning in clarification of our filed briefs. Number one, we'd like to review with the court the position that we believe that the petitioners in this case should be included, excuse me, they should be eligible for inclusion in the 212d-11 waiver. The 1991 amendments really operate in two specific steps of analysis. First, it starts out with the premise or the the statement that aliens who participate in smuggling are inadmissible. Second, it provides a waiver to certain classes of inadmissible aliens, specifically those who are seeking adjustment. Or admission, excuse me, one of those who are... Thank you. And the immigrants who are immigrating under INA section 203A-1 through 3. Now the purpose of the 1991 amendments, your honors, were to provide some sort of humanitarian or ameliorative effect to the harshness of the 1990 Act, which eliminated the foregain provision. When Congress enacted the 1991 amendments, it's clear that they intended to create a type of humanitarian relief for a certain expanded class of inadmissible aliens. Now, there are two types of inadmissible aliens, and we would like to first of all mention, of course, that there are the 1991 amendments recognize lawful permanent residents, and it also recognizes a specific class of certain non-permanent resident aliens who were eligible to apply for the waiver. Petitioners and the government have agreed clearly in their briefs that the purpose of the waiver, it's a discretionary waiver, it was to ameliorate some of the harsh consequences of the 1990 Act. And it did so for under certain limited circumstances, and those limited circumstances apply to those two classes of aliens that we've mentioned. Number one, permanent residents, and second, those who are seeking admission or adjustment of status as an immediate relative and as an immigrant under INA Section 203A, 1 through 3. Both sets of these aliens are eligible for the waiver if the smuggling was to benefit their spouses, parents, sons, or daughters. Petitioners in this case, Your Honors, do not argue that Congress does not have the authority to discriminate between classes such as permanent residents and non-permanent residents. That's not the premise of our argument. The premise, however, is that there must be some rational basis to exclude petitioners in this case for those non-permanent resident aliens who are similarly situated to these petitioners. For example, cancellation of removal is clearly a form of adjustment to residency. It has, underlying it, the same familial relationship. It has the same humanitarian desire to afford relief. It has, in fact, some very more specific and more strict criteria. But clearly, underlying the basis for cancellation of removal under the INA is a basis to afford a humanitarian waiver based on certain familial relationships, which exist in this case. Now, if it's agreed that the humanitarian relief is the underlying motive for the 1991 amendments, and that there must be this familial relationship, then essentially what's happened by excluding these petitioners from the 212D11 waiver is that it's created an irrational classification because it's excluded similarly situated non-permanent resident aliens. The second issue then becomes, is it a violation of equal protection to exclude similarly situated non-permanent resident aliens? Our position is, Your Honors, that it does. There's a violation of equal protection when a classification occurs that is not wholly rational as required by Matthews v. Diaz and Garberding v. Ins, which are highlighted in our briefs. Clearly, when Congress expanded the class of eligible aliens in the 1991 amendments, they meant to provide some ameliorative effort, some ameliorative relief for non-permanent resident aliens. But when they expanded that class, they did not do so on a rational basis because clearly these petitioners are exactly the situated as those who are currently listed in the 212D11 waiver. May I add? Yes, Your Honor. This is not particularly a question directed at the issues here, but I'm just wondering that whether, given her status, the daughter's status at this point, whether if she, would she, could she return if she were to leave for some period of time and seek permission to return to the country? Do you mean the Mexican child, Your Honor? Yes. She could still, because she's not reached the age of 18 and she would not be subject to the 212 bar, the unlawful presence bar is only triggered when the alien starts to acquire unlawful presence after the age of 18. She is still, I believe to the best of my knowledge, around 16 or 17 years old. It's just her parents and her brother would have that same relief too, right? Her brother is a U.S. citizen. The cancellation was based on the relationship of petitioners to him. The two petitioners, Mr. Flores-Nava and his wife, Rosalba, if they were required to leave the United States, Your Honor, they would trigger the 212 bar. They would be facing a 10-year bar at this time based on the fact that they've accrued unlawful presence due to more than 180 days after 4-1 of 97. All right. Thank you. Your Honor, our basic argument is that the expansion of the classification for the 212D11 waiver was not done on a rational basis. Counsel for the government has argued that petitioners are not eligible for this waiver because they're inadmissible. Clearly, all aliens, according to the Act, who participate in acts of smuggling are, arguendo, inadmissible. That's the very purpose of having the waiver. The question is, and the legal issue is, once you determine the inadmissibility of an alien and then you provide a waiver, is that waiver rationally based on all similarly situated individuals? Well, Congress has a lot of authority to, you know, to draw lines. Yes, it does, Your Honor. And we certainly acknowledge that Congress has the power to. Here they wanted to provide some relief to those who are here lawfully. Absolutely, Your Honor. And certainly cancellation of removal is within the authority and certainly was created by Congress as a method of ameliorative relief for certain types of aliens. The requirements for cancellation of removal are incredibly difficult and very hard for many aliens to surmount. The argument, however, on alien smuggling is that once Congress creates a waiver, they must base that waiver, they must base that classification on aliens that are all similarly situated. If indeed it's a humanitarian effort, if indeed there must be a familiar relationship, if indeed there must be good moral character. Why are they similarly situated if one is here lawfully and the other isn't? Your Honor, all non-permanent resident aliens who are seeking admission, who are seeking adjustment, and they're under INA 203A1-3, are all seeking legalization. And that legalization is based on a familiar relationship to a lawful resident, a qualifying lawful permanent resident, spouse, parent, child, or U.S. citizen. So the familiar relationship drives those all similarly situated categories. The humanitarian position also drives that waiver. If you exclude similarly situated individuals, then there must be a rational basis. Our argument is Congress has not clearly established that rational basis. If alien smuggling is indeed an act that creates certain types of inadmissibility, and then secondly, Congress provides that waiver, then clearly there should be an equal treatment, and it's a violation to do that, Your Honor. We'll save any time we may have. All right. Thank you, Counsel. Good morning, Your Honor. May it please the Court. I'm Greg Mack, Counsel for the Attorney General of the United States. The Court should deny the instant petition for review because this is an application for cancellation of removal, and the petitioners are ineligible for that relief because they lack good moral character on account of their acts of alien smuggling. The important point is that this is an application for relief, and as the Court has pointed out, Congress has drawn certain lines with respect to that application for relief. In this instance, they have said, if you lack good moral character because you have engaged in alien smuggling, you are ineligible for cancellation of removal. It has provided a couple of exceptions to that bar. They are not eligible for that waiver or that exception. One, because they are not lawful permanent residents, and also their acts occurred after May 1988. In addition, they are not seeking admission or adjustment of status because they are immediate relatives. The lines were drawn for a reason. Congress has full authority to draw lines between deportable and excludable, or now inadmissible, aliens, and what Congress is trying to do in this regard is provide the exception for alien smuggling for those who are LPRs or those who are seeking adjustment on the basis of immediate relative relationships. What they were trying to do is provide some relief from the broadening of the alien smuggling bar by reaching out to LPRs and those who are seeking admission or adjustment through immediate relatives. So there had to be some relationship that the alien smugglers had with someone in the United States, that they had some relationship with somebody who had status in the United States. These petitioners in the instant case don't have that relationship. They aren't lawful permanent resident aliens, and their acts occurred after May 1988, so they do not meet the terms of the particular statute here. And what the petitioner is asking for is an expansion of those discretionary waivers by Congress, but what Congress has done is drawn those lines. What Congress has done, and what the courts have said in the equal protection context, is Congress can draw the lines one step at a time, it can take one bite at a time and address all the potential issues that may come up, or it may incrementally address issues as they come up. Why did Congress draw this particular line? I'm sorry? Why did Congress draw this particular line? I think as the government has pointed out, there is no legislative history with respect to this particular statute, so we don't have a congressional record, if you will, with respect to the reasons for why Congress drew these particular lines. All we have is the language of the statute, and the language of the statute, again, suggests that to obtain the waivers, you had to be a lawful permanent resident, or the act occurred after May 1988, or that you have some relationship with an individual here in the United States. Under the rational basis test, we can conceive of hypothetical reasons for Congress. What does the government, making the line drawing that it did, what does the government conceive as the reason? The hypothetical point would be that if you're an inadmissible, smuggling in an inadmissible, and you lack a relationship with somebody who's a lawful permanent resident, or you're seeking adjustment of status through the immediate relative provisions, you are outside of these discretionary waivers. And the point being, if you're an alien smuggler, and you have some relationship with a lawful permanent resident, or an immediate relative, or a U.S. citizen in the United States, Congress wanted to accept those individuals because it recognized it was broadening the alien smuggling provision when it dropped out the foregain provision. So they recognized that they were broadening the class of individuals who could be barred by alien smuggling, so they wanted to create these narrow exceptions. So how, in this situation, though, they do have, the family has one U.S. citizen in the family, and that the government's going to deport the parents of the U.S. citizen for having brought the U.S. citizen's sister into the country. That's correct. All right. Why does that make sense? It makes sense in this regard. The INS at that time decided to bring charges against these individuals for being in the country unlawfully. These individuals applied for particular form of relief, and they are not statutory eligible. It makes sense because Congress has laid out these particular laws in this particular fashion. And that was the exercise of the INS's prosecutorial discretion. Now, if the individuals, because they, as Petitioner points out, they have the unlawful presence bar for 10 years, but they can apply for admission to the Attorney General, and if the Attorney General, in his discretion, decides to waive those admissibility barriers, that's up to the Attorney General, and that's within his discretion. But the point was that the INS has brought charges against these individuals. They are subject to removal. They are not eligible for cancellation of removal. If they are removed, then they can decide to apply for a waiver of those admissibility bars, and if the Attorney General, in his discretion, decides to waive those bars, he can do so. That's the endgame, ultimately, if they are indeed removed. And if there's no further questions, Your Honor, I would submit. Thank you, counsel. Your Honor, I don't know if I have too much time left. I would just like to finally just close with a comment regarding counsel's right for the ability of Petitioners to petition for a waiver of a 10-year bar. That would only be available once Petitioner's U.S. citizen child reaches the age of 21 and has an opportunity to re-immigrate. Again, we are not arguing that Congress has, does not have the authority to classify certain categories of aliens. Clearly, they have that authority. Again, the premise of our argument, and we urge this Court to consider carefully, that once they create a classification under similarly situated aliens, they must do it on a rational basis. Thank you. All right. Thank you, counsel. Flores-Nava v. Gonzalez is submitted. We will take up Wood v. Gonzalez.
judges: Hall, Wardlaw, Paez